June 28, 1979

**79-46    MEMORANDUM OPINION FOR THE ACTING
COMMISSIONER, IMMIGRATION AND
NATURALIZATION SERVICE**

**Due Process—United States (as Creditor)—
Withholding Wages of Federal Employee (as
Debtor) in Satisfaction of Debt Allegedly Owed the
Government**

This responds to your request for our guidance whether the Immigration and Naturalization Service (INS) must accord its employees a full evidentiary hearing before INS withholds, pursuant to 5 U.S.C. § 5512(a),[1] the wages of such employees in satisfaction of a debt allegedly owed the United States. In a conversation with your Office we were informed that more precisely the question is what kind of due process hearing is required. Before we proceed with our legal analysis and discussion it would be useful to delineate briefly the relevant factual situation. The INS believed that one of its employees was obligated to reimburse the Government for the loss of certain funds for which INS deemed her accountable. Based upon an investigation, INS decided that the employee was accountable for $2,175.00, funds found to be missing from a district office. Of that amount, $655.00 was recovered, thus leaving the amount unaccounted for at $1,520.00. The investigation concluded that the employee failed to follow adequate procedures to safeguard the funds.

The Federal Bureau of Investigation, by way of a separate investigation, concluded that the evidence was inconclusive and thus recommended against criminal prosecution. The INS, however, decided to recover the missing $1,520.00 by withholding from the employee's pay a designated sum each pay period. We understand that it so advised the employee

---

[1] That provision reads as follows:

The pay of an individual in arrears to the United States shall be withheld until he has accounted for and paid into the Treasury of the United States all sums for which he is liable.

See 26 Op. Att'y. Gen. 77 (1906).

who responded by filing a Federal civil action seeking to enjoin INS from withholding any part of the pay. The U.S. Attorney handling the case advised INS that he believed case law requires a "due process" hearing prior to administrative wage-withholding. Thereafter the Government and the employee stipulated that the case should be dismissed without prejudice and that INS, which had not yet withheld any pay, would accord the employee a fulll evidentiary hearing through its grievance procedures. While this stipulation moots your questions as to this particular case, you state that you seek guidance for future cases.

The Supreme Court in recent years has considered in a variety of circumstances what due process requirements apply where deprivation of property interests are involved. The case that is most relevant here is *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 (1969). That case dealt with hearing requirements involving garnishment of wages. The court considered a Wisconsin law allowing a garnishment to be instituted by the creditor's lawyer by requesting the clerk of the state court to issue a summons. Service of the summons upon the garnishee (the employer) effectively froze the employee's (the alleged debtor's) wages.

The Court stated:

> [The wages] may, it is true, be unfrozen if the trial of the main suit is ever had and the wage earner wins on the merits. But in the interim the wage earner is deprived of his enjoyment of earned wages without any opportunity to be heard and to tender any defense he may have, whether it be fraud or otherwise. [395 U.S. at 339.]

The Court noted that there may be extraordinary circumstances justifying a summary procedure, *e.g.*, in order to protect the creditor against permanent loss. However, it found no such circumstances in the case.[2] In analyzing the requirements of due process with respect to attachments and other like processes, the Court stressed the unique nature of wages—"a specialized type of property presenting distinct problems in our economic system." *Id.* at 340. The Court stated:

> [A] prejudgment garnishment of the Wisconsin type may as a practical matter drive a wage-earning family to the wall. Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing * * * this prejudgment garnishment procedure violates the fundamental principles of due process. [*Id.* at 341–342.]

Hence what the Government seeks is essentially a recoupment or a setoff. However, this does not distinguish it from garnishment since both may "as a practical matter drive a wage-earning family to the wall."

---

[2] In the usual case there probably would be no extraordinary circumstances warranting such a summary procedure because the persons from whom the withholdings are to be made are Government employees who have a substantial interest in their jobs and are unlikely to abscond to avoid repayment.

The Court's evident concern was that wages should not be withheld without a due process hearing. This is because wages, in most cases, sustain the wage earner and his family from week to week and any deprivation thereof could have potentially severe consequences.[3]

It may be noted that 5 U.S.C. § 5512, the provision authorizing the withholding here, does not expressly provide for a hearing of any kind. The section speaks of an "individual in arrears to the United States," not of one suspected of being in arrears. But it does not deal with the due process requirement governing the determination of the individual's liability. Accordingly, the process involved in the determination of liability must be considered apart from § 5512. Further, the *Sniadach* rule is constitutionally based and cannot be undermined by statute. It is well established that if at all possible a statute will be construed to avoid constitutional difficulties. Thus, where a provision entails depriving individuals of property rights but fails to expressly provide for notice and a hearing, it must be read as embodying the procedural rights implicit in the due process clause. *Pan American World Airways, Inc.* v. *Marshall*, 439 F. Supp. 487 (S.D.N.Y. 1977). By reading § 5512 as consistent with the due process clause it becomes clear that notice and a hearing are necessary before administrative withholding of a Federal employee's pay can be effected.

Your precise question, as noted above, is whether a "full evidentiary hearing" is required. Although *Sniadach* did not discuss in detail the hearing requirements needed for a wage-withholding, the Court did hold that an "opportunity to be heard and to tender any defense" were required. *Id.* at 339. It is our opinion that a hearing similar to that required in *Goldberg* v. *Kelly*, 397 U.S. 254 (1970) (termination of welfare benefits) is necessary here, that is, a hearing closely approximating a judicial trial. The *Goldberg* hearing procedure was summarized in *Mathews* v. *Eldridge*, 424 U.S. 319, 325 n. 5 (1976) as follows:

> (1) "timely and adequate notice detailing the reasons for a proposed [Government action]"; (2) "an effective opportunity * * * to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally"; (3) retained counsel, if desired; (4) an "impartial" decision-maker; (5) a decision resting "solely on the legal rules and evidence adduced at the hearing"; (6) a statement of reasons for the decision and the evidence relied on. 397 U.S., at 266–271.

---

[3] Under the Wisconsin procedure, up to one-half of a debtor's wages could be frozen under the garnishment procedure. Thus, an argument can be made that freezing or withholding a significantly lesser portion of a person's wages would not require the same level of due process protection. However, we believe that the better view is to consider any deprivation of wages as substantial. Indeed, the Court in *Sniadach* did not appear to consider the potential severity of the deprivation with respect to individual debtors. Rather, the focus was on the importance of wages as a general matter.

The Court in *Mathews* stated that the dictates of due process generally require consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. [*Id.* at 355.]

The private interest that may be adversely affected here by your agency's action is potentially substantial. This is because wages are "a specialized type of property presenting distinct problems in our economic system." *Sniadach*, at 340.

Moreover, as we understand it, the proposed wage-withholding involved here would constitute the final agency action. Thus, unless the employee sought judicial review and prevailed, the administrative deprivation will deprive the employee of the withheld wages. This is unlike *Goldberg* v. *Kelly* and *Mathews* v. *Eldridge,* in that the official action in those cases was temporary and subject to further administrative review which afforded the claimant an evidentiary hearing much like that ordered in *Goldberg*.[4] Accordingly, the deprivation would be final insofar as agency action was concerned so that heightened solicitude for the private interest is required. *See, North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601, 606 (1975), where the Court noted that "the length or severity of a deprivation of use or possession [of property] would be another factor to weigh in determining the appropriate form of hearing * * *."

Concerning the second factor in *Mathews, i.e.,* the value of additional procedural safeguards, it would seem that a wage-withholding hearing might frequently involve disputed factual issues and questions of credibility. Thus, the hearing must be structured so as to provide for their resolution. *Mathews* at 343–345. We do not know, of course, whether such issues will arise in a particular case.

Finally, the cost to the Government of a *Goldberg*-type evidentiary hearing probably would not result in a significant burden on the Government. The Court in *Mathews* noted that the cost to the Government of providing statutory benefits to ineligible recipients pending decision would not be insubstantial. 424 U.S. at 347. This concern would be inapplicable in wage-withholding actions because the employee is otherwise clearly entitled to his or her wages. Further, it seems unlikely that the costs of the hearings themselves would impose a significant burden on the Government.

---

[4] While the welfare recipient in *Goldberg* was entitled to an evidentiary hearing, the primary issue was whether the hearing was required before the termination of benefits or whether termination could be made subject to a subsequent evidentiary hearing. 397 U.S. at 259–260.

For these reasons, we believe that a *Goldberg* v. *Kelly*-type hearing is required in administrative wage withholdings.

Leon Ulman
*Deputy Assistant Attorney General*
*Office of Legal Counsel*